**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KRISSIE GLOVER, K.P.[1],**

        **Plaintiffs,**

**-vs-**                                                   **Case No.  6:13-cv-338-Orl-18KRS**

**IMT VILLAGE LAKES APARTMENT**
**LLC, TODD BRODELL,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**     **February 28, 2013**

**I.  BACKGROUND.**

On February 28, 2013, Krissie Glover and her daughter, K.P., filed a complaint against IMT Village Lakes Apartment LLC and Todd Brodell. Doc. No. 1. Plaintiffs appear to complain that Defendants failed to fix a cabinet that was off track in their apartment, their apartment complex failed to provide them with ADT home security service, their apartment complex failed to fix the dishwasher, air conditioning vents, and sliding door in their apartment, and their apartment complex

---

[1] It appears from the filings in this case that K.P. is minor. Accordingly, pursuant to Federal Rule of Civil Procedure 5.2, she is referred to by her initials throughout.

continued to bill them for electricity when it should not have been doing so. Plaintiffs also complain that their apartment was moldy, which caused Glover's daughter, K.P., to become ill, with the result that K.P. now needs to chew gum or have something in her mouth at all times. It also appears that Plaintiffs have been evicted from their apartment, and Plaintiffs complain that they lost their deposit. An attachment to the complaint states that K.P. wants the apartment complex to pay $5 million for her injuries. Doc. Nos. 1 and 1-1. Plaintiffs also filed a motion to proceed *in forma pauperis.* Doc. No. 2.

**II.     APPLICABLE LAW.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction,

even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

**III.   ANALYSIS.**

Based on a review of the complaint, it is not clear that the Court has subject-matter jurisdiction to hear this case. Plaintiffs allege a number of perceived wrongs in their complaint, most of which relate to the conditions at their apartment complex. Plaintiffs do not cite any federal constitutional provisions, treaties, or statutes, and it appears that, if they can proceed at all, it would be pursuant to state law. Thus, it does not appear that the Court can exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although an attachment to the complaint states that Plaintiffs seek $5 million in damages from Defendants, Plaintiffs do not provide any information about their citizenship or the citizenship of the Defendants. Accordingly, it does not appear that there is complete diversity of citizenship, such as would allow the Court to exercise jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, Plaintiffs' complaint is due to be dismissed for lack of subject-matter jurisdiction.

It appears that K.P. is attempting to assert a claim in her own name or, alternatively, that Glover is attempting to assert a claim *pro se* on K.P.'s behalf. Glover's motion to proceed *in forma pauperis* identifies K.P. as a minor. In Florida, a minor child does not have the capacity to bring a lawsuit in her own right. *See, e.g.*, *Kingsley v. Kingsley*, 623 So.2d 780, 783-84 (Fla. 5th Dist. Ct. App. 1993) (citations omitted). Thus, any claim asserted by K.P. fails as a matter of law. In addition, Glover cannot proceed with a *pro se* action on behalf of K.P. While individuals have the right to proceed *pro se*, 28 U.S.C. § 1654, and Federal Rule of Civil Procedure 17 authorizes a conservator, next friend, or guardian to sue on behalf of a minor child, Fed. R. Civ. P. 17(c), a non-lawyer parent has no right to represent a child in an action in the child's name. *Whitehurst v. Wal-Mart*, 306 F.

App'x 446, 449 (11th Cir. 2008) (citing, *inter alia*, *Devine v. Indiana River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)). Accordingly, to the extent Glover is attempting to bring an action on behalf of K.P. without being represented by an attorney, the action necessarily fails.

*Pro se* litigants are generally granted leave to file an amended complaint following dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). It is not, however, entirely clear to me that leave to amend can be granted where, as here, a complaint fails to state a basis for exercise of federal jurisdiction. However, in an abundance of caution, I recommend that the Court give Glover leave to amend her complaint if she can establish that this Court has subject-matter jurisdiction – but only to the extent she is making claims in her own name (and not on behalf of K.P.). To the extent Glover is pursuing claims on behalf of K.P., she should given leave to amend her complaint to include those claims only if she appears by counsel and pursues those claims in a capacity recognized by Federal Rule of Civil Procedure 17(c). Likewise, because K.P. lacks capacity to pursue a suit in her own name, any amendment would be futile, and K.P. should not be given leave to file an amended complaint so long as she remains a minor.[2]

In an amended complaint, Glover should clearly allege the legal basis of the cause(s) of action she wishes to pursue, whether a constitutional provision, treaty, statute, or a common law cause of action. Glover should also allege facts supporting her causes of action and showing that those causes of action are plausible. If she is not pursuing any federal causes of action, but only state law cause(s)

---

[2] If K.P. is not, in fact, a minor, Glover and K.P. should state as much in an objection to this Report and Recommendation. If Glover and K.P. establish that K.P. is not a minor, then K.P. should be granted leave to file an amended complaint on her own behalf in accordance with the same general principles that apply to Glover's amended complaint.

of action, she must also include allegations that will allow the Court to determine the citizenship of the parties and the amount in controversy.

In the amended complaint, Glover should name as Defendants only those individuals or entities who are responsible for the alleged violations. Further, she should clearly describe <u>how each named Defendant</u> is involved in the alleged legal violations in a section entitled "Statement of Facts." Glover must allege some causal connection between the Defendant named and the injury allegedly sustained. Also, Glover must allege specifically how she has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Glover is also cautioned that, in accordance with Federal Rule of Civil Procedure 5.2, she should not refer to any minor children (including K.P.) by their names in any Court filings. Instead, she must refer to them by their initials, as I have done in this Report and Recommendation.

## IV. RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Plaintiffs' case without prejudice; **ORDER** Glover to file an amended complaint that complies with the guidance stated above within a time specified by the Court following its ruling on this Report and Recommendation; and **DENY** Plaintiffs' motion to proceed *in forma pauperis* (Doc. No. 2) without prejudice to Glover refiling it with the amended complaint. Glover should be advised that failure to

file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 4, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy